## W. D. Smith v. A. L. Clark.

Decided January 10, 1900.

**1.   Arbitration and Award—Agreement Construed—Matters Submitted.**
  Where an agreement for arbitration embraced "all questions and claims" between the parties "arising out of their partnership, and any other matters of property ·owned by them in common," and in determining these matters the arbitrators were required to "take up" certain matters, including advancements to the partner- ·ship and the disposition and use of partnership effects by either party, the award was not vitiated by a failure to make any finding on the matter of mutual account, advancements, and services of either party, since the matters the arbitrators were to "take up" were merely to be considered in determining the questions submitted ·and not that there should be a specific statement in the award of the account be- tween the parties as to such matters.

**2.   Same—Presumption in Favor of Award.**
  In the absence of a statement of facts or evidence to the contrary, it is to be pre- sumed in favor of the award that such matters were taken up and duly considered by the arbitrators in determining the questions submitted.

Appeal from Rusk.   Tried below before Hon. W. J. Graham.

*W. C. Buford,* for appellant.

*J. H. Turner,* for appellee.

NEILL, Associate Justice.—This is an appeal from a judgment en- ·tered upon the award of arbitrators.   The assignment of error embraces two distinct propositions.   The first is, that the award does not conform ·to the submission; the second is, that the judgment is not supported by ·the award.   As the proposition under the assignment is, "that the award must strictly conform to the agreement," we are not called on to decide whether the judgment is supported by the award, and will only determine whether it is apparent from the record that the award is not in conform- ity with the agreement of submission.

So much of the submission as it is necessary to consider in determining this question is as follows:   "We, A. L. Clark and W. D. Smith, do hereby promise and agree to and with each other to submit, and do hereby submit, all questions and claims between us arising out of the part- nership of Smith & Clark, composed of W. D. Smith and A. L. Clark, as well as any other matters of property which may be owned by us in com- mon, to arbitration according to the statutes of this State."   Thereafter

naming the two arbitrators chosen, the submission continues as follows: "Said arbitrators are to take up all matters pertaining to said partnership,—such as advancements to the same by either party; the disposition and use by either party of the partnership effects; the services of either party in conducting and carrying on the business of said partnership; and all other matters pertaining to the same that will enable them to adjust the right of each party in a legal and equitable way. They are also to provide by their decision for the settlement of all outstanding claims against said partnership, by setting aside such property of the same as to them seems right to be sold or otherwise disposed of for the purpose of paying said claims, giving to said parties the right, should they so desire, to take such property at a fair valuation and assume said indebtedness and arrange to release said partnership; and should they disagree as to which shall take said property under said condition they they shall draw for said right under the direction of said arbitrators. In order to carry out this cash provision, said arbitrators are hereby empowered to investigate and determine what said indebtedness amounts to."

The award is as follows: "We set apart the foundry, machine shop, tools, fixtures, and appurtenances to pay all claims against the firm of Smith & Clark, together with all costs of this suit,—which said foundry, machine shop, tools, fixtures, and appurtenances fell to W. D. Smith by lot.

"We further set apart to W. D. Smith the house and lot bought by Smith & Clark from C. A. Still and wife, except eighty feet off the north side of said lot.

"It is agreed, and made part of this award, that W. D. Smith is to assume the payment of all debts, claims, and liabilties against the late firm of Smith & Clark, together with all costs of this suit. It is further agreed, and made part of this agreement, that said W. D. Smith have all debts due the late firm of Smith & Clark, and that he release A. L. Clark from all indebtedness of every kind and all liens and incumbrances upon and against the property hereinafter set aside to him. We set aside to A. L. Clark the house and lot known as the Nadel House." Here follows a description by metes and bounds of the lot.

The contention of appellant is that the submission "provides for the settlement of all accounts and claims of the parties against each other for advancements made by either, and for accounts for services of either," and that the "award fails to make any account or finding on the matters of mutual account, advancements, and services." It was upon this contention he moved the court to resubmit the case to the arbitrators, which motion was denied.

It will be seen from the submission that it embraces all questions and claims between the parties arising out of their partnership, and any other matters of property owned by them in common. In determining the questions and claims between them arising from the partnership, the arbitrators were required to "take up" certain matters, among which were "advancements to the partnership," and "the disposition and use of part-

nership effects," made by either party. The evident purpose of taking up these matters was that they might be considered in determining the "questions and claims" between them "arising from the partnership," and not that there should be a specific statement in the award of the account between the parties as to such matters. The consideration of them was only required for the arbitrators to reach the proper award upon the "questions and claims" submitted to them. They were to be taken up and considered as evidence upon the issues to be settled by the award, and not as separate and distinct issues upon which specific findings were to be made in the award. It does not even appear from the submission that there was any question or dispute between the parties in relation to the advancements to the partnership, or as to the disposition and use of its effects made by either party. In the absence of a statement of facts, it can not be said that such matters were not taken up and considered by the arbitrators in determining the questions submitted. It is to be presumed in favor of the award, in the absence of evidence to the contrary, that they received due consideration, and that with a view to such matters the award upon the questions before the arbitrators was attained. It does not appear from the record that the award does not settle all questions submitted for arbitrament.

The judgment is affirmed.

*Affirmed.*